**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) | |
| | ) | |
| | ) | **CIVIL ACTION NO. 5:21-cv-00760** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **COMPLAINT** |
| | ) | |
| **AL MEGHANI ENTERPRISE, INC. D/B/A** | ) | |
| **THE WIRELESS SOLUTIONS,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) | |
| | ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Rebecca Garcia ("Garcia"). As alleged with greater particularity below, the U.S. Equal Employment Opportunity Commission (the "Commission" or "EEOC") alleges that Al Meghani Enterprise, Inc. d/b/a The Wireless Solutions ("Defendant" or "The Wireless Solutions"), subjected Garcia to sex harassment in violation of Section 703(a) of Title VII. The Commission further alleges that Defendant subjected Garcia to unlawful retaliation after she engaged in protected activity, including objecting to and attempting to report the sex harassment, in violation of Section 704(a) of Title VII.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Texas, San Antonio Division.

## PARTIES

3.      Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant has continuously been a Texas corporation doing business in the State of Texas, and the City of San Antonio, and has continuously had at least fifteen (15) employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

6.      More than thirty days prior to the institution of this lawsuit, Rebecca Garcia filed a charge with the Commission alleging violations of Title VII by Defendant.

7.      On April 6, 2021, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated Title VII and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8.      The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9.      On May 28, 2021, the Commission issued Defendant a Notice of Failure of Conciliation, advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11.     Since at least February 21, 2020, Defendant has engaged in unlawful employment practices at its 105 S. Flores St, San Antonio, Texas store, in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a).

    a      On or about February 21, 2020, Defendant hired Garcia as a Sales Representative.

    b      Soon after Garcia began her employment, she was subjected to severe or pervasive sexual harassment from her supervisor, Defendant's Store Manager.

    c      The Store Manager made several sexual remarks to Garcia, including telling Garcia he wanted to taste her and that he wished he was in her pants.

    d      The Store Manager also sent Garcia sexually harassing text messages and images, including text messages asking Garcia for explicit photographs and multiple propositions to Garcia for her to engage in sexual relations with him.

    e      Garcia expressed to the Store Manager that she was not interested and repeatedly rejected his propositions, including by saying "ew," "nope," and telling the Store Manager that he was her boss. The Store Manager did not correct his behavior.

    f      Garcia asked the Store Manager, the highest-ranking employee at her location, for the owners' or corporate office's contact numbers so that she could report him. The Store Manager refused to provide the contact information and told Garcia that if she wished to speak with the owner, she would need to go through him.

    g      The Store Manager expressed a threat to terminate Garcia and was the only manager to work closely with Garcia.

    h      On or around March 7, 2020, Garcia was terminated.

12.     In addition to the above-referenced discrimination, Defendant engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a).

    a      The Commission re-alleges and incorporates by reference the allegations set forth in paragraph 11(a)-(h).

      b        Defendant subjected Garcia to retaliation after she engaged in protected activities, including objecting to her supervisor's sexual advances and attempting to report the conduct to higher management personnel.

      c        As a result of Garcia's protected activity, Defendant discharged Garcia from employment.

13.     The effect of the practices complained of in paragraphs 11 through 12 above has been to deprive Garcia of equal employment opportunities and to otherwise adversely affect her status as an employee because of her sex, female, and in retaliation for opposing such unlawful practices.

14.     The unlawful employment practices complained of in paragraphs 11 through 12 above were intentional.

15.     The unlawful employment practices complained of in paragraphs 11 through 12 above were done with malice or with reckless indifference to the federally protected rights of Rebecca Garcia.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from maintaining a hostile work environment on the basis of sex, female, and from any other employment practice which discriminates on the basis of sex, female;

B.     Grant a permanent injunction enjoining Defendant, its agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in retaliation against current, future or former employees who have opposed practices made unlawful by Title VII, who have participated in a proceeding under Title VII by filing a charge of discrimination with the Commission, or who have otherwise engaged in protected activity under Title VII;

C.      Order Defendant to institute and carry out policies, practices, and programs which prohibit sex discrimination, including harassment, and retaliation, and which eradicate the effects of their past and present unlawful employment practices, including but not limited to annual training of all supervisors and managers concerning federal employment discrimination law, focusing in particular on sex discrimination and retaliation, and the development of effective policies to prevent unlawful employment discrimination;

D.      Order Defendant to provide Rebecca Garcia appropriate back pay with prejudgment interest, in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including, but not limited to reinstatement of Rebecca Garcia or front pay in lieu thereof;

E.      Order Defendant to make whole Rebecca Garcia by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 11 through 12 above, including relocation expenses, job search expenses, and medical expenses, in amounts to be determined at trial;

F.      Order Defendant to make whole Rebecca Garcia by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices as described in paragraphs 11 through 12 above, including but not limited to, humiliation, emotional pain and suffering, stress, depression, anxiety, inconvenience, loss of self-confidence, and loss of enjoyment of life, in amounts to be determined at trial;

G.      Order Defendant to pay Rebecca Garcia punitive damages for engaging in discriminatory practices with malice or reckless indifference to Garcia's federally protected rights, as described in paragraphs 11 through 12 above, in an amount to be determined at trial;

H.      Grant such further relief as the Court deems necessary and proper in the public interest; and

I.      Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

GWENDOLYN YOUNG REAMS
Acting General Counsel

/s/ Suzanne M. Anderson
SUZANNE M. ANDERSON
Acting Regional Attorney
Texas State Bar No. 14009470

/s/ Edward Juarez
EDWARD JUAREZ
Supervisory Trial Attorney
Texas State Bar No. 24014498

/s/ Esha Rajendran
ESHA RAJENDRAN
Trial Attorney
Texas State Bar No. 24105968
E-mail: esha.rajendran@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
San Antonio Field Office
5410 Fredericksburg Rd., Suite 200
San Antonio, Texas 78229-3555
Telephone: (210) 640-7574
Facsimile: (210) 281-7669

**ATTORNEYS FOR PLAINTIFF**