UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**EQUAL EMPLOYMENT OPPOR-
TUNITY COMMISSION,**

  *Plaintiff*,

v.                                    Case No.  SA-21-CV-00760-JKP

**AL MEGHANI ENTERPRISE, INC.**
**d/b/a/ The Wireless Solutions,**

  *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's ("Al Meghani Ent.") Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), and in the alternative 12(e) Motion for More Definite Statement. *ECF Nos. 4,7*. Plaintiff ("EEOC") responded. *ECF No. 6*. Upon consideration, the Court concludes the Motion to Dismiss and the alternative Motion for More Definite Statement shall be DENIED.

### Factual Background

The EEOC files this Complaint on behalf of Rebecca Garcia. The EEOC asserts a cause of action for sexual harassment under theories of *quid pro quo* and hostile work environment as well as a cause of action for retaliation. In support of these causes of action, the EEOC asserts:

    a. On or about February 21, 2020, Defendant hired Garcia as a Sales Representative.

    b. Soon after Garcia began her employment, she was subjected to severe or pervasive sexual harassment from her supervisor, Defendant's Store Manager.

    c. The Store Manager made several sexual remarks to Garcia, including telling Garcia he wanted to taste her and that he wished he was in her pants.

    d. The Store Manager also sent Garcia sexually harassing text messages and images, including text messages asking Garcia for explicit photographs and multiple propositions to Garcia for her to engage in sexual relations with him.

    e. Garcia expressed to the Store Manager that she was not interested and repeatedly rejected his propositions, including by saying "ew," "nope," and telling the Store Manager that he was her boss. The Store Manager did not correct his behavior.

    f. Garcia asked the Store Manager, the highest-ranking employee at her location, for the owners' or corporate office's contact numbers so that she could report him. The Store Manager refused to provide the contact information and told Garcia that if she wished to speak with the owner, she would need to go through him.

    g. The Store Manager expressed a threat to terminate Garcia and was the only manager to work closely with Garcia.

    h. On or around March 7, 2020, Garcia was terminated.

*ECF No. 1, p. 3.*

## I.    Federal Rule 12(b)(6) Motion to Dismiss

### Legal Standard

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of action which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted causes of action. *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. at 563 n.8. Thus, to warrant dismissal under Federal Rule 12(b)(6), a complaint must, on its face, show a bar to relief or demonstrate

"beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.,* 9 F.Supp.2d 734, 737–38 (S.D.Tex. 1998).

In assessing a motion to dismiss under Rule 12(b)(6), the Court's review is limited to the Complaint and any documents attached to the Motion to Dismiss and also referred to in the Complaint and central to the plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)(quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).

## Analysis

Al Meghani Ent. seeks dismissal pursuant to Federal Rule 12(b)(6) for failure to state a claim on all the asserted causes of action: sexual harassment under both the *quid pro quo* and hostile work environment theories and retaliation.

1. **Sexual Harassment Causes of Action**

An employer violates Title VII when it allows the workplace to be "permeated with discriminatory intimidation, ridicule, and insult ... that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment…." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal quotations and citations omitted). Title VII's ban on intentionally discriminatory employment practices extends to gender-based discrimination that creates a hostile or abusive work environment, generally referred to as "sexual harassment". *Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 66 (1986); *Cherry v. Shaw Coastal, Inc.*,

3

668 F. 3d 182, 188 (5th Cir. 2012)(citing *Oncale v. Sundowner Offshore Servs.*, 523 U.S. 75, 81 (1998)). There are two broad categories of sexual-harassment discriminatory practice by a supervisor: (1) *quid pro quo*; and (2) hostile work environment. *Giddens v. Cmty. Educ. Centers, Inc.*, 540 Fed. Appx. 381, 387 (5th Cir. 2013). Generally, if a plaintiff suffered a tangible employment action, the suit is a *quid pro quo* action. *Id.*; *Casiano v. AT & T Corp.,* 213 F.3d 278, 283–84 (5th Cir. 2000). If the plaintiff did not suffer a tangible employment action, the suit is classified as a hostile work environment case. *Giddens*, 540 Fed. Appx. at 387; *Casiano.,* 213 F.3d at 283–84.

    a) **Distinguish Between Theories of Sexual Harassment**

Al Meghani Ent. contends the EEOC must distinguish in its initial pleading whether the alleged sexual harassment constituted a *quid pro quo* or hostile work environment theory, and this Court should dismiss the opposing theory. Al Meghani Ent. contends the EEOC asserts Garcia suffered a tangible employment action: termination which necessitates a theory of *quid pro quo*, only, as a matter of law. However, if the EEOC chooses to proceed under a hostile work environment theory, it cannot also proceed under a *quid pro quo* theory, and thus this theory must be dismissed.

Al Meghani Ent. is correct to assert there are two principal theories of sexual harassment which are cognizable under Title VII: hostile work environment and *quid pro quo*. *See Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 751 (1998); Giddens*, 540 Fed. Appx. at 387. However, at this stage in the litigation, these theories are not mutually exclusive, and plaintiffs need not distinguish which theory they choose to pursue in their initial pleading. *See e.g., Russell v. Univ. of Tex. of Permian Basin*, 234 Fed. Appx. 195, 198 (5th Cir. 2007); *Matthews v. High Island Indep. Sch. Dist.*, 991 F. Supp. 840, 844–45 (S.D. Tex. 1998)(both pursuing both sexual harassment theories to the summary judgment stage of litigation). "It may be difficult to define the pre-

cise formulation of the required *prima facie* case in a particular case before discovery has unearthed relevant facts and evidence. Consequently, the *prima facie* case should not be transported into a rigid pleading standard for discrimination cases." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 507 (2002). At the pleading stage, "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Fed. R. Civ. P. 8(d). Further, "[a] party may state as many separate claims or defenses as it has, regardless of consistency" and "pleadings must be construed so as to do justice." *Id*. "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz*, 534 U.S. at 507.

Consequently, the EEOC may assert both alternative theories of sexual harassment at this pleading stage. *See* Fed. R. Civ. P. 8(d); *Swierkiewicz*, 534 U.S. at 507. Al Meghani Ent.'s Motion to Dismiss the EEOC's *quid pro quo* and/or hostile work environment theories of sexual harassment or attempt to force a distinction at this pleading stage must fail. Al Meghani Ent.'s Motion to Dismiss on this basis is denied.

### b)  *Quid Pro Quo* Theory of Liability for Sexual Harassment

With regard to the *quid pro quo* theory of sexual harassment, Al Meghani Ent. argues the EEOC failed to articulate facts to support a causal nexus between the Store Manager's alleged conduct and Garcia's termination. Al Meghani Ent. contends, "[t]he Complaint is conspicuously silent regarding the anonymous Store Manager's involvement in Garcia's termination, and [the EEOC] offers no explanation regarding why [Al Meghani Ent.] terminated Garcia."

To assert a claim under the *quid pro quo* theory, a plaintiff must allege she suffered a tangible employment action as a result of her acceptance or rejection of a supervisor's alleged sexual harassment. *Casiano*, 213 F.3d at 283. The employer's vicarious liability derives from the causal nexus between the tangible employment action and the acceptance or rejection of the alleged sexual harassment. *Id*.

At this pleading stage, the EEOC's complaint must include only a short and plain statement showing Garcia is entitled to relief and giving Al Meghani Ent. fair notice of what cause of action is and the grounds upon which it rests. *See Swierkiewicz*, 534 U.S. at 507. To adequately allege a *quid pro quo* theory, the EEOC is not required to allege Garcia's Store Manager was involved in her termination to establish causation. Nor is the EEOC required to offer an explanation why she was terminated.

The EEOC articulated facts forming the basis of her *quid pro quo* action of: Garcia expressed to her Store Manage she was not interested in, and repeatedly rejecting, his sexual propositions; the Store Manager was the highest ranking employee in her location and was her supervisor; the Store Manager threatened to terminate her, and; she was ultimately terminated.

At this point in the litigation, these allegations are sufficient to support a causal nexus between her termination and her rejection of the Store Manager's sexual propositions. For this reason, Al Meghani Ent.'s Motion to Dismiss this cause of action of sexual harassment based upon a *quid pro quo* theory is denied.

    c)  **Hostile Work Environment Theory of Liability for Sexual Harassment**

Al Meghani Ent. argues the EEOC failed to articulate facts sufficient to support a cause of action on the hostile work environment theory. Specifically, Al Meghani Ent. contends the EEOC failed to state facts "demonstrating how [Al Meghani Ent.] knew or should have known of

the 'Store Manager's' conduct. Imposing liability on [Al Meghani Ent.] requires a showing that 'employer is blameworthy in some way,' and if [Al Meghani Ent.] did not know or have reason to know of the alleged conduct, it cannot be held liable."

An employer's liability for sexual harassment depends on the status of the alleged harasser. *E.E.O.C. v. Boh Bros. Const. Co., L.L.C.*, 731 F.3d 444, 453 (5th Cir. 2013). If the alleged harasser is the plaintiff's co-worker, the employer is liable only if it was negligent in controlling working conditions. *Id*. However, in cases in which the alleged harasser is a supervisor, there are four elements of a hostile working environment cause of action: (1) the employee belongs to a protected class; (2) the employee was subject to unwelcome sexual harassment; (3) the harassment was based on [a protected characteristic]; and (4) the harassment affected a term, condition, or privilege of employment. *E.E.O.C. v. Boh Bros. Const. Co., L.L.C.*, 731 F.3d at 453; *Lauderdale v. Tex. Dep't of Criminal Justice,* 512 F.3d 157, 162–63 (5th Cir. 2007). To affect a term, condition, or privilege of employment under the fourth element, the harassing conduct must be sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive working environment. *Aryain v. Wal–Mart Stores of Tex., L.P.,* 534 F.3d 473, 479 (5th Cir. 2008).

Al Meghani Ent.'s basis for dismissal of this cause of action fails because the issue whether it "knew or should have known" is not an element when the alleged harasser is a supervisor. *See E.E.O.C. v. Boh Bros. Const. Co., L.L.C.*, 731 F.3d at 453; *Lauderdale,* 512 F.3d at 162–63. The EEOC's Complaint alleges the Store Manager was Garcia's supervisor and was the only manager to work closely with Garcia. The Complaint plausibly alleges facts pertaining to the other elements of a hostile work environment claim when the alleged harasser is a supervisor.

7

Taking these allegations as true, the EEOC's Complaint properly pleads a claim for sex harassment based on a hostile work environment theory of liability. The conduct alleged clearly meets the threshold pleading requirement. Accordingly, the EEOC stated a claim for hostile work environment sexual harassment, and Al Meghani Ent.'s Motion to Dismiss this claim is denied

### 2. Retaliation Cause of Action

Al Meghani Ent. contends it is entitled to dismissal on the retaliation cause of action because the EEOC failed to plead facts that can support a showing Garcia engaged in an activity protected under Title VII. Al Meghani Ent. contends the only allegation of a protected activity "raised in the Complaint is Garcia rejected a sexual advance. However, rejecting sexual advances does not constitute a protected activity for purposes of a retaliation claim under Title VII." In addition, Al Meghani Ent. contends it is entitled to dismissal on the retaliation cause of action because the EEOC failed to plead sufficient facts demonstrating a causal connection between an alleged protected activity and the termination decision.

#### a) Protected Activity

To assert a claim for retaliation, a plaintiff must allege 1) she engaged in a protected activity; 2) an adverse employment action occurred; and 3) a causal link existed between the protected activity and the adverse action. *Septimus v. Univ. of Houston*, 399 F.3d 601, 610 (5th Cir. 2005). Under Title VII's anti-retaliation provision, protected activity can consist of either: (1) "opposing any practice made an unlawful employment practice by this subchapter," or (2) "making a charge, testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under this subchapter.'" 42 U.S.C. § 2000e–3(a); *see also* 42 USC § 12203(a); *E.E.O.C. v. Rite Way Serv., Inc.*, 819 F.3d 235, 239 (5th Cir. 2016). The first of these is known

as the "opposition clause;" the second as the "participation clause." *E.E.O.C. v. Rite Way Serv., Inc.*, 819 F.3d at 239. At issue here is the opposition clause.

The word "oppose" as used in Title VII is defined to mean: "to resist or antagonize; to contend against; to confront; resist; [or] withstand." *Crawford v. Metro. Gov't of Nashville & Davidson County, Tenn.*, 555 U.S. 271, 276 (2009); *see also Stewart v. RSC Equip. Rental, Inc.*, 485 Fed. Appx. 649, 653 (5th Cir. 2012); *Lee v. Mission Chevrolet, Ltd.*, EP-16-CV-00034-DCG, 2017 WL 4784368, at *12 (W.D. Tex. Oct. 23, 2017). Refusal of sexual advances, alone, is not "opposition" to constitute protected activity for purposes of a retaliation claim. *LeMaire v. Louisiana Dep't of Transp. & Dev.*, 480 F.3d 383, 389 (5th Cir. 2007).

Clearly, a plaintiff's direct complaint to her employer constitutes opposition of unlawful practice; however, this direct report is not the only conduct that constitutes opposition to an alleged discriminatory or unlawful employment practice. *Crawford*, 555 U.S. at 276. Simple refusal of the sexual advances of a supervisor or expression of dissatisfaction may not rise to the level of opposition to constitute a protected activity; however, direct rejection of sexual advances of a supervisor may rise to the level of "opposition" given the context and specific situation in which the rejection or disapproval is expressed. *Id*.

Whether an employee's statement or action is a protected "opposition" is a fact-specific inquiry. *Yount v. S & A Rest. Corp.*, 226 F.3d 641, 2000 WL 1029010, at *3 (5th Cir. 2000) (*per curiam*) (unpublished table decision). The following non-exclusive factors are relevant in determining whether a statement or action falls within the ambit of the opposition clause: (1) the context in which the harassing conduct occurred; (2) whether the harasser was a person in a supervisory position; (3) the context in which the employee opposed the harasser's conduct, and; (4) the

setting in which the employee voiced her statement or took the action. *Rite Way Serv., Inc.*, 819 F.3d at 242–44; *Lee v. Mission Chevrolet, Ltd.*, 2017 WL 4784368, at *13.

Review of the Complaint reveals Garcia objected to the Store Manager's sexual advances; expressed to the Store Manager she was not interested; repeatedly rejected his propositions, including by saying, "ew" and "nope"; told the Store Manager he was her boss, and; attempted to report the conduct to higher management, but was prevented by the Store Manager. These allegations could be construed to demonstrate Garcia did more than refuse the Store Manager's sexual advances, but instead engaged in an escalated rejection of his conduct to oppose his conduct and comments and her intention to report his unwanted behavior. Thus, these factual allegations, construed in the light most favorable to the EEOC and Garcia, provide enough factual detail to satisfy the pleading requirement of "opposition" to constitute protected activity.

Consequently, this argument for dismissal of the retaliation cause of action must fail.

### b) Causal Connection

Al Meghani Ent. argues the EEOC does not plead sufficient facts to support a causal connection between the protected activity and the termination decision. Al Meghani Ent. contends that "[e]ven if Garcia sought the contact information for the corporate office, [she] did not report the allegations to the corporate office, so there is no causal link between Garcia's inquiry and her subsequent termination. [The EEOC] has not articulated that the 'Store Manager' was involved in the decision to terminate Garcia, and there is no other basis to conclude [Al Meghani Ent.] retaliated against Garcia for alleged behavior of which it was unaware."

The employer's vicarious liability derives from the causal nexus between the tangible employment action and the employee's protected activity. Therefore, a plaintiff need not demonstrate a direct report of unlawful behavior to an employer to satisfy the causation element. A

10

plaintiff alleging retaliation may satisfy the causal connection element by showing "[c]lose timing between an employee's protected activity and an adverse action against him." *McCoy v. City of Shreveport*, 492 F.3d 551, 562 (5th Cir. 2007). The temporal proximity of a protected activity and an adverse employment action may evidence a causal link between the two events. However, temporal proximity standing alone is insufficient to establish a *prima facie* case for Title VII retaliation unless it is "very close." *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001); *Tompkins v. Sebelius*, 3:10-CV-0905-F, 2012 WL 12884470, at *7 (N.D. Tex. May 23, 2012).

Thus, temporal proximity and causal connection are fact-intensive determinations. *See e.g. Evans v. Houston,* 246 F.3d 344, 354 (5th Cir.2001)(a time lapse of up to four months was sufficient to establish a causal connection); *but see Raggs v. Miss. Power & Light Co.,* 278 F.3d 463, 472 (5th Cir. 2002)(a five-month lapse is not close enough without other evidence of retaliation). Even if a time lapse, alone, is insufficient to establish a causal connection, this temporal proximity in conjunction with other evidence may still support a causal connection. *Feist v. Louisiana, Dep't of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 454–55 (5th Cir. 2013). Other factors a court may examine may include (1) the employee's past disciplinary record, (2) whether the employer followed its typical policy and procedures in terminating the employee, and (3) the temporal proximity between the employee's conduct and termination. *Smith v. Xerox Corp.*, 371 Fed. Appx. 514, 520 (5th Cir. 2010). "A 'causal link' is established when the evidence demonstrates that 'the employer's decision to terminate was based in part on knowledge of the employee's protected activity.'" *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 684 (5th Cir. 2001)(quoting *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112 (5th Cir. 1998)); *Tompkins v. Sebelius*, 3:10-CV-0905-F, 2012 WL 12884470, at *7 (N.D. Tex. May 23, 2012).

In the Amended Complaint, the EEOC alleged Garcia was hired on February 21, 2020, and terminated on March 7, 2020: a time-lapse of less than one month. The EEOC alleges Garcia requested contact information to report the Store Manager's behavior, but was denied that request, and the Store Manager threatened to terminate Garcia. These factual allegations are sufficient to satisfy the pleading requirement to assert a causal connection between Garcia's protected activity and her termination.

Consequently, this argument for dismissal of the retaliation cause of action must fail. Al Meghani Ent.'s Motion to Dismiss the retaliation cause of action is denied.

## II. Federal Rule 12(e) Motion for More Definite Statement

Al Meghani Ent. titles its Motion to include an alternative Motion for More Definite Statement filed pursuant to Federal Rule 12(e). However, it includes no argument regarding this alternative motion and presents no support for such. Therefore, the Court denies this alternative motion.

## Conclusion

For the reasons stated, Al Meghani Ent.'s Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), and in the alternative 12(e) Motion for More Definite Statement is DENIED.

It is so ORDERED.
SIGNED this 19th day of November, 2021.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE