IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 5:21-cv-00760-JKP-HJB ) |
| AL MEGHANI ENTERPRISE, INC. D/B/A THE WIRELESS SOLUTIONS, | ) ) ) |
| Defendant. | ) ) |

## CONSENT DECREE

The parties to this Consent Decree are the Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC"), and Defendant, Al Meghani Enterprise, Inc. d/b/a The Wireless Solutions ("Defendant" or "The Wireless Solutions"). This Consent Decree resolves the allegations raised by the EEOC in the above referenced Civil Action 5:21-cv-00760-JKP-HJB. The EEOC initiated this lawsuit under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 following the EEOC's investigation into Rebecca Garcia's ("Garcia") allegations of unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Rebecca Garcia ("Garcia"). More specifically, the EEOC alleged that Defendant subjected Garcia to sex harassment in violation of Section 703(a) of Title VII. The Commission further alleged that Defendant subjected Garcia to unlawful retaliation after she engaged in protected activity, including objecting to and attempting to report the sex harassment, in violation of Section 704(a) of Title VII.

The parties wish to settle this action, without the necessity of further litigation pursuant to the terms delineated in this Consent Decree, with each party expressly acknowledging that this

settlement is a compromise of disputed claims. Defendant expressly denies any liability or pre-existing knowledge of Garcia's allegations and is entering into this settlement to avoid the costs of litigation.

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth herein, the sufficiency of which is hereby acknowledged, the parties agree as follows, the court finds appropriate, and therefore, it is ORDERED, ADJUDGED AND DECREED that:

1.  This Court has jurisdiction over the subject matter of this action, the parties for purposes of this action, entry of the Consent Decree, and all proceedings related to the Consent Decree and its enforcement. Venue is proper and all administrative prerequisites to the filing of the Complaint have been met.

2.  The effective date of this Consent Decree shall be the date it is signed and filed by the Court.

3.  This Consent Decree resolves all issues raised in EEOC Charge No. 451-2020-01762 and EEOC's Complaint in this case. EEOC waives further litigation of all issues raised in EEOC Charge No. 451-2020-01762 and its Complaint. EEOC, however, expressly reserves its right to process and litigate any other charges which may now be pending or may in the future be filed against Defendant.

4.  The duration of this Consent Decree shall be three (3) years from its effective date. This Court shall retain jurisdiction of this action during the period of this Consent Decree and may enter such other and further relief as it deems appropriate to ensure implementation and enforcement of the provisions of this Consent Decree. Any non-compliance with this Consent Decree by Defendant and/or its officers, employees, servants, successors, or assigns shall toll the running of this three-year period as of the date of non-compliance.

5. During the term of this Consent Decree, Defendant, its directors, officers, successors, assigns, agents, servants, employees, managers (including all supervisors), partners, and all persons in active concert or participation with them, are hereby enjoined from engaging in employment practices in violation of Title VII's prohibition of sexual harassment and retaliation. Such employment practices include but are not limited to: (i) sexual harassment in violation of Title VII; and, (ii) creating, facilitating, or permitting a hostile work environment in violation of Title VII on the basis of sex. Defendant is further enjoined from permitting any action, policy or practice with the purpose of retaliating against any current or former employee because he or she: (i) opposed any practice of discrimination made unlawful under Title VII (including but not limited to sexual harassment); (ii) filed a Charge of Discrimination alleging any such practice; (iii) testified or participated in any manner in any investigation (including, without limitation, any internal investigation), proceeding, or hearing in connection with any claim of discrimination or sexual harassment; (iv) was identified as a possible witness or claimant in this action; (v) asserted any rights under this Decree; and/or (vi) sought and/or received any relief in accordance with this Decree.

6. During the term of this Consent Decree, Defendant, its directors, officers, successors, assigns, agents, servants, employees, managers (including all supervisors), partners, and all persons in active concert or participation with them, shall provide a neutral reference for Rebecca Garcia if they are contacted by Ms. Garcia's prospective employers for an oral or written employment reference. Defendant shall provide only Ms. Garcia's employment dates and positions held to any prospective employer but shall make no reference to matters arising under or relating to any charge of employment discrimination and/or this lawsuit. Defendant shall not provide any information to prospective employers about the reasons Ms. Garcia's employment ended.

Furthermore, Defendant agrees that Ms. Garcia may characterize her reason for leaving her employment with Defendant as a resignation.

7. Defendant shall pay Rebecca Garcia the sum of Thirty-thousand dollars ($30,000) in settlement of the claims raised in this case. Defendant shall make payment by issuing checks payable to Rebecca Garcia.

The parties agree to the following payment schedule:

a. Defendant agrees to pay $20,000 to Ms. Garcia within fifteen (15) days of the entry of this Consent Decree by the Court.

b. Defendant agrees to pay $5,000 to Ms. Garcia thirty (30) days after issuance of the initial payment referenced in 7(a).

c. Defendant agrees to pay $5,000 to Ms. Garcia sixty (60) days after issuance of the initial payment referenced in 7(a).

Defendant shall mail all checks to Ms. Garcia at an address provided by the Commission. Within ten (10) days after each check has been sent, Defendant shall send to the Commission a copy of each check and proof of its delivery to Ms. Garcia. The EEOC and Ms. Garcia's Counsel shall provide Defendant instructions for allocation (including allocation of wage and non-wage income) in separate correspondence to the Defendant within (3) days of the effective date of this Consent Decree.

8. Within twenty (20) days of the effective date of this Consent Decree, Defendant shall adopt a written policy against employment discrimination ("Policy") and shall maintain such Policy for the term of this Consent Decree. Defendant shall also provide copies of the Policy to all employees no later than 30 calendar days after entry of this Consent Decree and to all new employees at the time they are hired. The Policy shall, at a minimum include:

(a)  A statement expressing Defendant's strong and clear commitment to a workplace that complies with Title VII and, in particular, is free of both sexual harassment and acts of retaliation;

(b)  A statement encouraging employees who believe they have been subjected to sexual harassment or retaliated against, or who believe they have witnessed sexual harassment or retaliation, to report it;

(c)  A requirement that persons who complain about sexual harassment and/or retaliation or participate in the EEOC process shall not be retaliated against, and that Defendant will take disciplinary and corrective action against any employee, supervisor, manager or officer who engages in retaliation or, if a supervisor, manager or officer condones discrimination or retaliation or fails to address either in conformity with the law and these policies and procedures;

(d)  A requirement that the identity of employees who complain about, report or are witnesses to sexual harassment or retaliation, or witnesses in investigations of sexual harassment or retaliation, shall not be disclosed to persons other than those conducting the investigation;

(e)  Clear definitions of sexual harassment and retaliation, with examples where appropriate;

(f)  Convenient, confidential and reliable mechanisms for reporting incidents of sexual harassment and retaliation;

(g)  A requirement of both prompt investigation of complaints of sexual harassment and/or retaliation, and prompt action, which is appropriate and effective, to remedy the discrimination and/or retaliation;

(h)  A requirement that upon the conclusion of Defendant's investigation into complaints of sexual harassment and/or retaliation, the results of the investigation and the remedial actions taken or proposed will be promptly communicated in writing to the complaining party;

(i)  A requirement that any supervisory, managerial, or human resources employee who observes or otherwise obtains information regarding sexual harassment and/or retaliation report such information immediately to the head of Defendant's human resources office or other official vested by Defendant with authority to take prompt and effective remedial action;

(j)  A statement that requires Defendant, its officers, directors, managers, supervisors, and human resources personnel be trained on the requirements of Title VII and the policies and procedures generated by this Consent Decree;

(k)  A statement that requires Defendant to review these policies and procedures with

        all employees as part of their employee orientations and scheduled trainings at all facilities and locations; and

(l)     Ensure that all Defendant's employees acknowledge by signature the receipt of Defendant's Title VII discrimination policies, and the policies and procedures generated by this Consent Decree.

9.     Within thirty (30) days of the effective date of this Consent Decree, Defendant shall distribute this Policy to all employees via electronic mail and shall forward a copy of the Policy to the EEOC.

10. Within sixty (60) days of the effective date of this Consent Decree, and for each year that this Consent Decree is in effect, Defendant shall provide mandatory training on sexual harassment to all current employees (management and non-management). Each training will be no less than two (2) hours in duration. The training shall include, but will not necessarily be limited to, the following:

    a. Review of the Defendant's policy against employment discrimination;

    b. Respect and civility in the workplace;

    c. The consequences of engaging in conduct that is unacceptable in the workplace, including that corrective action will be proportionate to the severity of the conduct;

    d. Educating employees about their rights and responsibilities if they experience conduct that Defendant has stated is not acceptable in the workplace;

    e. Explaining to employees the avenues offered by Defendant to report unwelcome conduct based on a protected characteristic, regardless of whether the employee would describe that conduct as "harassment";

      f. Describing how a co-worker who witnesses harassment can intervene in an appropriate manner, if possible, and report the harassment (bystander intervention);

      g. Describing how the formal complaint process will proceed after a complaint is made, including the person(s) responsible for investigating and the estimated time for completion of the investigation.

Defendant shall also conduct annual training for managers and supervisors, as well as all employees with human resources responsibilities, on how to respond effectively to sexual harassment that they observe, that is reported to them, or of which they have knowledge or information.

All employees who attend the annual training sessions described above will print and sign their full names and provide their job title on an attendance sheet that lists the date, time and title of the training. Defendant shall, on an annual basis, provide the EEOC with the attendance sheets for any training given since the last report. At least thirty days prior to each annual training Defendant will provide EEOC notice of the date, time, and location of the scheduled training. The trainings described above shall be recorded and shown to any new employee within the first thirty (30) days of their employment.

    11. Within ten (10) days of the effective date of this Consent Decree, Defendant shall post copies of the Notice attached as Exhibit A to this Consent Decree in a conspicuous location on a bulletin board or other physical space that is regularly used by Defendant for posting legal notices concerning employee rights. The Notice shall remain posted in this manner for the term of this Consent Decree. Defendant shall take all reasonable steps to ensure that the posting is not altered, defaced, or covered by any other material. No later than ten (10) business days after entry

of this Consent Decree, Defendant shall also distribute a copy of Exhibit A to all employees via electronic mail.

12.     No later than thirty (30) days after entry of this Consent Decree, Defendant shall certify to EEOC in writing that the Notice has been properly posted and distributed in accordance with Paragraph 11.

13.     During the term of this Consent Decree, Defendant shall maintain and make available for inspection and copying by the EEOC written records of every complaint or report by any employee of sexual harassment, including sex discrimination, and retaliation. For each such complaint or report, such records shall include: (a) the name of the employee who made the complaint or report and that employee's address and telephone number; (b) the date of the complaint or report; (c) the name and position of each employee who was made aware of the complaint; (d) a written description of what was alleged in the complaint or report; (e) a written description of the resolution or outcome of the complaint or report, including a description of what actions, if any, Defendant took, and the name and position of all persons involved in any actions taken; and (f) if the complaint or report was made in written form, a copy thereof.

14.     The terms of this Consent Decree shall be binding upon the EEOC and Defendant, its agents, officers, employees, servants, successors, and assigns, as to the issues resolved herein.

15.     The parties to this Consent Decree shall bear their own costs and attorneys' fees incurred in this action as of the date of entry of this Consent Decree by the Court.

16.     If Defendant fails to tender payment or otherwise fails to timely comply with the terms of the paragraphs above, Defendant shall, as applicable:

    a.     Pay interest at the rate calculated pursuant to 26 U.S.C. Section 6621(b) on any untimely or unpaid amounts; and

      b.      Bear any additional costs incurred by the EEOC caused by the non-compliance or delay of the Defendant.

17.      If the EEOC believes that Defendant has not complied with any term or provision of this Consent Decree, it shall provide written notice of the alleged non-compliance prior to taking any action thereon (the "Notice of Alleged Non-Compliance"). The Notice of Alleged Non-Compliance shall include the Paragraph(s) of this Consent Decree alleged to be violated and a statement of the facts and circumstances relied upon as the basis of the EEOC's claim of noncompliance. Defendant shall have thirty (30) days from receipt of the Notice of Alleged Non-Compliance to respond to the EEOC regarding the alleged violation, during which time the EEOC shall not undertake any enforcement action. The thirty (30) day period may be extended by written agreement executed by the EEOC and Defendant. If the EEOC and Defendant are unable to resolve their dispute regarding the alleged violation, then the EEOC may seek enforcement of this Consent Decree with respect to the alleged violation in the United States District Court for the Western District of Texas, San Antonio Division.

18.      When this Consent Decree requires the submission by Defendant of documents, reports, or other materials to the EEOC, such materials shall be mailed and emailed to Trial Attorney Esha Rajendran, United States Equal Employment Opportunity Commission, San Antonio Field Office, 5410 Fredericksburg Road, Suite 200, San Antonio, Texas 78229, esha.rajendran@eeoc.gov.

**SO ORDERED AND ENTERED** this _____ day of _____, 2022.

 

_____  
JASON PULLIAM  
UNITED STATES DISTRICT JUDGE

AGREED TO AS TO FORM AND SUBSTANCE:

| **ATTORNEYS FOR DEFENDANT** | **ATTORNEYS FOR PLAINTIFF** |
|---|---|
| *Morgan Munoz* (signature) | /s/ *Robert A. Canino* |
| JOSHUA A. REDELMAN<br>State Bar No. 24099269<br>E-Mail: jredelman@stibbsco.com | ROBERT A. CANINO<br>Regional Attorney<br>Oklahoma State Bar No. 011782 |
| MORGAN N. MUNOZ<br>State Bar No. 24104119<br>E-Mail: mmunoz@stibbsco.com | MEAGHAN L. KUELBS<br>Acting Supervisory Trial Attorney<br>Texas Bar No. 24105277<br>E-mail: meaghan.kuelbs@eeoc.gov |
| STIBBS & CO., P.C.<br>819 Crossbridge Drive<br>Spring, Texas 77373<br>Telephone: (281) 367-2222<br>Facsimile: (281) 681-2330 | ESHA RAJENDRAN<br>Trial Attorney<br>Texas State Bar No. 24105968<br>E-mail: esha.rajendran@eeoc.gov |
| | **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**<br>San Antonio Field Office<br>5410 Fredericksburg Road, Suite 200<br>San Antonio, Texas 78229-3555<br>Telephone: (210) 640-7574<br>Facsimile: (210) 281-7669 |

Exhibit A

## **NOTICE OF RESOLUTION**

This NOTICE is being posted pursuant to a Consent Decree between Al Meghani Enterprise, Inc. d/b/a The Wireless Solutions, and the U.S. Equal Employment Opportunity Commission (EEOC). This NOTICE will be conspicuously posted for a period of three (3) years at this facility and in all places where employment notices are posted. It must not be altered, defaced, or covered by any other material.

Federal law requires that there be no discrimination against any employee or applicant for employment because of that person's race, color, religion, sex, or national origin with respect to hiring, compensation, promotion, discharge, or other terms, conditions or privileges of employment. Al Meghani Enterprise, Inc. d/b/a The Wireless Solutions in particular, will not tolerate sex-based discrimination, including sex harassment, or retaliation against any employee because that person has opposed what they believe to be unlawful employment practices, including sex discrimination; or has filed a charge of discrimination, or has given testimony, assistance, or has participated in any manner in any investigation, proceeding or hearing under Title VII of the Civil Rights Act of 1964.

**DEFINITION:** Sexual harassment is a form of sex-based discrimination that consists of unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature. This type of conduct can constitute sexual harassment when submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment; submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individuals; or such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment. Whether the offense is made by a manager, co-worker, or even a non-employee like a client, contractor, or vendor, such conduct can create a hostile work environment. Some examples of sexual harassment are:

- *   Sending sexually suggestive letters, notes, text messages, or e-mails;
- *   Displaying inappropriate sexual images or posters in the workplace;
- *   Telling lewd jokes, or sharing sexual anecdotes;
- *   Making inappropriate sexual gestures;
- *   Staring in a sexually suggestive or offensive manner, or whistling;
- *   Making sexual comments about appearance, clothing, or body parts;
- *   Inappropriate touching, including hugging, pinching, patting, rubbing, or purposefully brushing up against another person;
- *   Requests for sexual favors; and/or
- *   Sexual assault.

This list is by no means exhaustive. There are other forms of sex discrimination.

**DEFINITION:**  Retaliation is the punishment of an employee for engaging in a protected activity, such as reporting discriminatory conduct, filing a discrimination charge, opposing unlawful employer practices, and/or testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under Title VII. Some examples of retaliation are:

- Suspension;
- Reduction of pay;
- Discharge;
- Reassignment of job duties;
- Reduction of work hours;
- Reassignment to a different work shift;
- Intimidation; and/or
- Any action affecting employment such as threats, unjustified negative evaluations, unjustified negative references, or increased surveillance.

This list is by no means exhaustive. There are other forms of retaliation.

**RESPONSIBILITY:**  Each level of management is responsible for ensuring that all personnel policies, procedures, and activities are in full compliance with applicable federal, state, and local equal employment laws, statute, rules, and regulations regarding discrimination. All employees are expected to read, understand, and follow Al Meghani Enterprise, Inc. d/b/a The Wireless Solutions' Policy Prohibiting Sex-Based Discrimination and Retaliation.

**REPORTING PROCEDURES:**  Any employee who believes that he or she has been subjected to discrimination based on sex or retaliation is expected to report the conduct as soon as possible to either that person's immediate supervisor, or the Human Resources Director. Supervisors who receive such complaints will promptly notify the Human Resources Director. A person either alternatively, or in addition to reporting such an allegation to company officials, may contact the U.S. Equal Employment Opportunity Commission for the purposes of filing a charge of employment discrimination. The address and telephone number of the U.S. EEOC office is 5410 Fredericksburg Road, Suite 200, San Antonio, Texas 78229, (210) 640-7530. Information about your rights and how to file a charge is available on the Internet at www.eeoc.gov.

**INVESTIGATION OF COMPLAINTS**: A complete investigation of each complaint will be facilitated immediately by Al Meghani Enterprise, Inc. d/b/a The Wireless Solutions' Human Resources Department. The investigation may include interviews of all employees and supervisors at the facility.

**PUNISHMENT FOR VIOLATION:** Employees who engage in sex-based discrimination including, but not limited to, sexual harassment and/or retaliation, including supervisors and managers, can expect serious disciplinary action. After an appropriate investigation, any employee, whether management or non-management, who has been found to have discriminated against another employee will be subject to appropriate sanctions, depending on the circumstances, from a written warning in his or her personnel file up to and including termination of employment.

**RETALIATION:** There shall be no retaliation against any employee because that person has

opposed in good faith what they believe to be unlawful employment practices, including sexual harassment or discrimination; or has filed a charge of discrimination, or has given testimony, assistance, or has participated in any manner in any investigation, proceeding or hearing under Title VII of the Civil Rights Act of 1964. Al Meghani Enterprise, Inc. d/b/a The Wireless Solutions will not punish you for reporting sex-based discrimination, sexual harassment, or simply because you have made a complaint under the above guidelines.

THIS IS AN OFFICIAL NOTICE AND MUST NOT BE REMOVED OR DEFACED BY ANYONE.  THIS NOTICE WILL BE POSTED FOR A PERIOD OF THREE (3) YEARS.

Signed this  19th  day of   August  , 2022.

_____
AL MEGHANI ENTERPRISE, INC.
D/B/A THE WIRELESS SOLUTIONS